IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDALL A. HAMMACK, #13670-045,  )
                                  )
                    Petitioner,   )
                                  )
vs.                               )   Case No. 19-cv-399-NJR
                                  )
UNITED STATES OF AMERICA,[1]      )
                                  )
                    Respondent.   )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Randall A. Hammack, an inmate who is currently incarcerated in the Federal Correctional Institution located at Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Relying on the First Step Act of 2018 ("First Step Act"), Hammack claims he is entitled to additional days of good-time credit, making his current scheduled release date of November 19, 2019 incorrect. According to Hammack, with the additional days of good-time credit, he should be released on September 16, 2019. The Bureau of Prisons has refused to address the issue, indicating that all requests for additional days of good-time credit under the First Step Act are premature. Accordingly, Hammack has filed the instant Petition.

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to

---

[1] The proper respondent in this federal habeas action is the petitioner's custodian (*i.e.*, FCI-Greenville's warden), not the United States of America. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006).

1

apply the rules to other habeas corpus cases. The Section 2241 Petition does not survive screening under this standard.

## Discussion

The First Step Act amends 18 U.S.C. § 3624(b)(1) to give federal inmates more potential credit for good conduct. *See* Public Law 115-391, 132 Stat. 5194, § 102(b). Hammack asserts that his good-time calculation should be changed to comply with the First Step Act, and that with the revised good-time calculation, he is eligible for release from custody on September 16, 2019.

The First Step Act, however, does not yet authorize the relief that Hammack seeks. The good-time provisions of the First Step Act did not become effective when the law was signed on December 21, 2018. The First Step Act gives the Bureau of Prisons time to implement the change; the change will not take effect until the Attorney General completes the "risk and needs assessment system" required to be completed 210 days after enactment. Accordingly, the change in calculation of good-time credit will not take effect until July 19, 2019. 18 U.S.C. § 3632.

The jurisdiction of federal courts is limited by the "case or controversy" requirement of the United States Constitution. U.S. CONST. ART III, § 2; *Myers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016) ("The Supreme Court has consistently recognized that '[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'"). A claim must be "ripe" before a court can hear it, meaning in this context that an administrative decision must be formalized, and its effects must be felt in a concrete way by the challenging party. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967), overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99, 105 (1977). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 423 U.S. 296, 300 (1998) (internal citations omitted).

In this case, the Bureau of Prisons does not have authority to recalculate Hammack's good-

time credit until the relevant provisions of the First Step Act take effect in July 2019. Accordingly, the question of whether the Bureau of Prisons has erred in calculating Hammack's sentence is not ripe. *See United States v. Parrett,* No. 01-CR-168-JPS, 2019 WL 1574815, at *1 (E.D. Wis. Apr. 11, 2019) (noting that even if motion to reduce sentence under the good-time provision of the First Step Act had been filed as a § 2241 petition, the petition would be premature until July 2019); *Greene v. Underwood,* No. 4:19-CV-160-Y, 2019 WL 1531673, at *1-2 (N.D. Tex. April 9, 2019) (dismissing § 2241 petition challenging good-time credit calculation under the First Step Act as premature); *Roy v. Bureau of Prisons*, No. 2:19-CV-59-RMP, 2019 WL 1441622, at *1 (E.D. Wash. April 1, 2019) (discussing "ripeness" doctrine and finding that § 2241 petition challenging good-time calculation under the First Step Act was premature). Accordingly, Hammack's petition must be dismissed for lack of jurisdiction.

## Disposition

For these reasons, the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice for lack of jurisdiction.

Hammack is **ADVISED** that his obligation to pay the $5.00 filing fee for this habeas action was incurred at the time the action was filed, and if his pending Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is denied, he will be obligated to pay the fee.

If Hammack wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* must set forth the issues Hammack plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). It may be denied, if Hammack fails to pay the $5.00 filing fee for the underlying action before seeking leave to appeal *in forma pauperis*. Further, if Hammack does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d

857, 858-59 (7th Cir. 1999). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Hammack to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 29, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**